UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA WAGNER and HEATHER LIND,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF INYO,<br><br>    Defendant. | No. 1:17-cv-00969-DAD-JLT<br><br><u>ORDER GRANTING CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND ORDERING FACILITATED NOTICE</u><br><br>(Doc. No. 8) |

On November 7, 2017, the parties filed a stipulation in this action seeking conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") and facilitated notice to be sent to prospective members of the FLSA class. (Doc. No. 8.) The proposed notice has been presented to the court. (Doc. No. 8-2.)

Pursuant to the FLSA, an employee may file a civil action, on behalf of himself and other employees similarly situated, against an employer that fails to adhere to federal minimum wage and overtime law. 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, similarly situated employees can join an FLSA collective action only if they opt-in by giving written consent to be joined. 29 U.S.C. § 216(b).

/////

1

The FLSA does not define the term "similarly situated," and this court has identified no binding Ninth Circuit or Supreme Court authority interpreting that term. However, district courts in this circuit have used a two-step approach to decide whether potential FLSA plaintiffs are similarly situated. *See, e.g., Kellgren v. Petco Animal Supplies, Inc.*, No. 13CV644 L KSC, 2015 WL 5167144, at *2 (S.D. Cal. Sept. 3, 2015); *Syed v. M–I, L.L.C.*, No. 1:12–cv–01718–AWI–MJS, 2014 WL 6685966, at *2 (E.D. Cal. Nov. 26, 2014); *Troy v. Kehe Food Distrib., Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011); *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467–68 (N.D. Cal. 2004); *Wynn v. National Broad. Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002). In the first step, district courts may conditionally certify the proposed class based on consideration of the parties' pleadings and affidavits. *Leuthold*, 224 F.R.D. at 467. This determination is made under a "lenient standard"—requiring a preliminary determination that notice is appropriate and that "the putative class members were together the victims of a single decision, policy, or plan." *Lewis*, 669 F. Supp. 2d at 1127 (citing *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare*, 569 U.S. at 75 (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989)). District courts have the authority to facilitate notice to potential plaintiffs and may set a deadline for plaintiffs to opt in. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citing *Hoffmann–La Roche*, 493 U.S. at 169). In the second step, after class members have opted in and discovery has taken place, the party opposing class certification may seek to decertify the class. *Leuthold*, 224 F.R.D. at 467.

The court has reviewed the filings of the parties and the anticipated notice to be sent. The complaint alleges that this suit is brought on behalf of all of defendant's employees who were deprived of their full overtime compensation over the prior three years because defendant did not include compensation in lieu of health care coverage in the regular rate of pay used to calculate overtime. (Doc. No. 1 at ¶¶ 9, 12.) Therefore, it appears notice is appropriate, and any claims of the putative class members concerning this issue are the result of a single policy. Additionally,

the notice apprises putative class members of the nature of the claims alleged, the steps they must take to be included in this action, and the consequences of doing so. (Doc. No. 8-2.) It advises the class members that if they opt-in, they may be required to respond under oath to questions or give testimony. (*Id.*)  It also advises class members that plaintiffs' counsel will ultimately seek an award of attorneys' fees, either separately or from any common fund judgment or settlement, if they obtain a recovery for the class. (*Id.*)  It advises them that they must respond within 90 days of receiving the class notice in order to join in the suit. (*Id.*)  The court finds this facilitated notice to be appropriate.

Given the foregoing, the court grants conditional certification of this collective action under the FLSA. Plaintiffs Wagner and Lind will represent the class members and Mastagni Holstedt APC will serve as counsel for the collective class. The parties shall coordinate notice to be sent to the class pursuant to their stipulation. (*See* Doc. No. 8.) Members of the class shall have ninety (90) days from the distribution of the notice to opt-in to the action. The parties have indicated that they will submit a joint status report 165 days after the issuance of this order, to allow time for notice to be distributed and the parties to explore early settlement, and are hereby ordered to do so.

IT IS SO ORDERED.

Dated: **November 20, 2017**

UNITED STATES DISTRICT JUDGE