UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA WAGNER and HEALTHER LIND, et al., on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF INYO,<br><br>Defendant. | No.  1:17-cv-00969-DAD-JLT<br><br>ORDER REQUIRING SUPPLEMENTAL SUBMISSION IN SUPPORT OF STIPULATION AND PROPOSED ORDER FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE<br><br>(Doc. No. 20) |

Nine plaintiffs join in this action brought against defendant County of Inyo ("defendant") with allegations that they were denied proper compensation in violation of the Fair Labor standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  (Doc. No. 1.) Now before the court is the parties' joint stipulation filed on June 13, 2018 for approval of the settlement agreement and dismissal of the action with prejudice.  (Doc. No. 20.)  After considering the papers filed in support of the parties' stipulation, the court will defer consideration of thereof and direct the parties to supplement it with a declaration or declarations addressing those factors the court must make findings upon in determining whether the proposed FLSA settlement is fair, adequate, and reasonable.

/////

**BACKGROUND**

On July 20, 2017, plaintiffs Amanda Wagner and Heather Lind commenced this action pursuant to the provisions of the FLSA to recover unpaid overtime and other compensation, interest, liquidated damages, costs of suit, and reasonable attorneys' fees from defendant. (Doc. No. 1 at 1.) According to the complaint, plaintiffs are employed by the defendant and bring this action on behalf of themselves and all similarly situated individuals who defendant failed to properly compensate for overtime hours worked within the last three years. (*Id.* at 2.) Specifically, plaintiffs bring a single FLSA claim for failure to properly compensate employees for overtime work and allege that the defendant's alleged failure to include cash-in-lieu payments for medical benefits in its calculation of the regular rate of pay for purposes of overtime compensation is in contravention of the Ninth Circuit's decision in *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (holding that cash payments in lieu of health benefits "must be included in the regular rate of pay and thus in the calculation of the overtime rate" under the FLSA). (Doc. No. 1 at 8–10.)

On November 21, 2017, the court granted conditional certification of the putative class for the purposes of sending notice to the putative class members and permitting them to opt into the action. (Doc. No. 9.) Seven additional individuals opted into the action: Debra Baker, Katherine Bardonnex, Kimberly Geiger, Robert Miller, Denise Muniz, Matthew Picken, and Laura Wiegers (collectively "plaintiffs"). (Doc. Nos. 12–15.)

On June 13, 2018, the parties submitted a stipulation for approval of the proposed settlement agreement. (Doc. No. 20.) The proposed settlement agreement provides for a total payment of $8,650.00, including back wages and liquidated damages made to all plaintiffs for the maximum liability period of three years. (*Id.* at 3.) The proposed settlement agreement also provides for $5,350.00 in attorneys' fees and costs for the law firm of Mastagni Holstedt, which is conditioned upon court approval of the terms of this agreement. (*Id.* at 4.) The proposed settlement agreement provides that the two collective action representatives Wagner and Lind will receive an additional incentive award of $500.00. (Doc. No. 20-3 at 3.)

/////

**LEGAL STANDARD**

Settlement of claims under the FLSA requires court approval. *See Jones v. Agilysys, Inc.*, No. C 12–03516 SBA, 2014 WL 108420, at *2 (N.D. Cal. Jan. 10, 2014). "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court. *See Barrentine v. Ark.–Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Yue Zhou v. Wang's Restaurant*, No. 05–cv–0279 PVT, 2007 WL 2298046, at *1, n.1 (N.D. Cal. Aug. 8, 2007).

The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). However, in this circuit, district courts have normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.*; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Selk v. Pioneers Memorial Healthcare District*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *Yue Zhou*, 2007 WL 2298046, at *1. "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Selk*, 159 F. Supp. 3d at 1172 (internal quotation marks and citation omitted). A court will not approve a settlement of an action in which there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *Id.*

Additionally, because FLSA settlements require court approval, payment of attorneys' fees from settlement proceeds is also subject to review by the court. *See Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1104–05 (9th Cir. 2014) (reviewing an award of attorneys' fees under the FLSA); *Dunn*, 2016 WL 153266, at *9 (N.D. Cal. Jan. 13, 2016) ("The Court retains the authority to determine what fees are reasonable [in an FLSA settlement]."); *Selk*, 159 F. Supp. 3d at 1180 ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award.") (quoting *Wolinsky v.*

1  *Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

2  Once it is established that there is a bona fide dispute, courts often apply the Rule 23 factors for assessing proposed class action settlements when evaluating the fairness of an FLSA settlement, while recognizing that some of those factors do not apply because of the inherent differences between class actions and FLSA actions. *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2013 WL 1193485, at *2 (E.D. Cal. Mar. 22, 2013). To determine whether the proposed FLSA settlement is fair, adequate, and reasonable, courts in this circuit have balanced factors such as:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Khanna v. Intercon Sec. Sys., Inc.*, No. 2:09-CV-2214 KJM EFB, 2014 WL 1379861, at *6 (E.D. Cal. Apr. 8, 2014), order corrected, No. 2:09-CV-2214 KJM EFB, 2015 WL 925707 (E.D. Cal. Mar. 3, 2015); *see also Almodova v. City & Cnty. of Honolulu*, Civil No. 07–00378 DAE–LEK, 2010 WL 1372298, at *4 (D. Haw. Mar.31, 2010), *recommendations adopted* by 2010 WL 1644971 (D. Haw. Apr.20, 2010) (adopting class action settlement factors in evaluating a FLSA collective action settlement even though some of those factors will not apply). District courts in this circuit have also taken note of the "unique importance of the substantive labor rights involved" in settling FLSA actions and adopted a "totality of circumstances approach that emphasizes the context of the case." *Selk*, 159 F. Supp. 3d at 1173. With this approach, a "district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Id.* Settlements that reflect a fair and reasonable compromise of issues that are actually in dispute may be approved to promote the efficiency of encouraging settlement of litigation. *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012).

/////

/////

# ANALYSIS

Here, the parties have submitted a stipulation and proposed order for court approval of a settlement along with the request to dismiss the action with prejudice. (Doc. No. 20.) Therein, the parties make only a cursory mention of what they characterize as three bona fide disputes: 1) a dispute about the proper methodology for calculating the regular rate and defendant's entitlement to seek offsets and credits pursuant to 29 U.S.C. 207(h)(2); 2) whether defendant can present a good faith defense; and 3) whether defendant can present a defense to the extent of liability on the basis of willfulness. (Doc. No. 20 at 3–4.) The parties' stipulation provides no factual representations or significant analysis as to why this settlement agreement is a fair and reasonable resolution of a bona fide dispute, as required under the FLSA. *Selk*, 159 F. Supp. 3d at 1172. As a result, the court is not able to make the findings that are required in order to approve this proposed settlement agreement.

Accordingly, the parties are directed to supplement their stipulation for approval and dismissal by way of declaration(s), briefing or both, addressing why the proposed settlement is a fair and reasonable resolution of a bona fide dispute, including with respect to the attorneys' fees to be awarded. The supplemental filings shall be submitted within twenty-one days of the service of this order. Upon receipt of the supplemental filings the court will issue an order addressing the proposed settlement and dismissal.

IT IS SO ORDERED.

Dated:   **June 27, 2018**

UNITED STATES DISTRICT JUDGE